2/21/2025 2:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 97662501
By: Rhonda Momon
Filed: 2/21/2025 2:48 PM

CAUSE NO. _____

| | | |
|---|---|---|
| WALTER TRENT COKER, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| YOUSUF SHAHID, UNITED STATES | § | |
| POSTAL SERVICE, HELA HANSFORD, and | § | |
| USAA INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | _____ |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND RULE 193.7 NOTICE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WALTER TRENT COKER, Plaintiff in the above-styled and numbered cause, complaining of Defendants YOUSUF SHAHID, UNITED STATES POSTAL SERVICE, HELA HANSFORD, and USAA INSURANCE COMPANY, and in support thereof would show unto this Honorable Court the following:

### I.   DISCOVERY CONTROL PLAN

1.1   Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.3, discovery in this lawsuit is intended to be conducted under a Level 2 discovery control plan.

### II.   CLAIM FOR RELIEF

2.1   Plaintiff seeks monetary relief in excess of $1,000,000.

### III.   PARTIES

3.1   WALTER TRENT COKER is a resident of Harris County, Texas.

3.2   YOUSUF SHAHID is an individual resident of Harris County, Texas and may be served with process at 6902 Round Rose Court, Spring, Texas 77379, or wherever he may be found.

3.3   UNITED STATES POSTAL SERVICE ("USPS") is a federal entity conducting

business in Harris County, Texas, and may be served with process via its registered agent for service, United States Attorney's Office, civil process clerk, officer, or agent that can be found at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

3.4     HELA HANSFORD is an individual resident of Harris County, Texas and may be served with process at 8215 Turnmill Court, Spring, Texas 77379, or wherever she may be found.

3.5     USAA INSURANCE COMPANY is an insurance company licensed by the State of Texas to do business in the State of Texas, and may be served with process by serving its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.     JURISDICTION and VENUE

4.1     The Court has jurisdiction in this cause because the damages to Plaintiff are within the jurisdictional limits of the Court.

4.2     Venue is proper in Harris County pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

4.3     Plaintiff has satisfied all conditions precedent to this lawsuit.

4.4     Plaintiff's actions did not cause or contribute to this occurrence.

## V.     FACTS

5.1     On July 5, 2023, Defendant Shahid was driving westbound on the 8100 block of Spring Cypress Road in Spring, Texas. Defendant Shahid was driving alongside Defendant Hansford, who was driving a white USPS mail truck belonging to her employer, Defendant USPS. At the same time, Plaintiff Coker was driving eastbound on the 8100 block of Spring Cypress Road.

5.2   Defendant Hansford was driving unsafely in front of in front of Defendant Shahid. Shahid was forced to swerve around Hansford's USPS truck. The front right side of Shahid's car and the front left side of Hansford's mail truck collided. Shahid, still traveling westbound, lost control of his car and went off the roadway. The front end of Shahid's car hit the back-right side of a utility trailer stationed on the westbound side of Spring Cypress Road, causing the utility trailer to roll across all westbound lanes of traffic and into the eastbound lanes, where it struck the front right quarter of Plaintiff Coker's vehicle.



*Field Diagram from Texas Peace Officer's Crash Report*

5.3   The force of the wreck caused traumatic and painful injuries to Plaintiff Coker. Plaintiff Coker immediately felt neck and back pain, and his right hand was burned by the exploding airbags. Following the collision, Plaintiff Coker went to a local emergency center where he was treated for his burned right hand and his neck and back pain. An MRI of Plaintiff Coker's cervical spine revealed disc herniations at the C2-3, C4-5 and C5-6 levels. On October 27, 2023, Plaintiff Coker underwent a cervical epidural steroid injection (ESI) procedure in hopes of alleviating his neck pain. Unfortunately, the cervical ESI did not resolve Plaintiff Coker's pain. Ultimately, Plaintiff Coker had to undergo spinal surgery – an anterior cervical discectomy and

fusion (ACDF) at the C5-6 level – on March 27, 2024. Plaintiff Coker's treatment is ongoing at this time.

5.4     At all times material to this lawsuit, Defendant Hansford was operating the mail truck with permission of Defendant USPS, as its employee, and was acting within the course and scope of her employment with USPS at the time of the collision.

5.4     Plaintiff did not cause or contribute to this occurrence in any way.

5.5     The injuries and medical treatment described herein were proximately caused by the July 5, 2023 collision that is the basis of this lawsuit.

5.6     In the alternative, should Defendants attempt to argue or offer evidence related to any allegations of Plaintiff Coker having pre-existing conditions, Plaintiff Coker would show that if any injury or condition from which he currently suffers was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendants herein.

## VI. NEGLIGENCE OF DEFENDANT SHAHID

6.1     The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Shahid. The conduct of Defendant Shahid constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence of Plaintiff Coker's injuries and damages. Defendant Shahid's negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

   a.  moving back to the right side of the roadway before it was safely clear when passing another vehicle, in violation of Texas Transportation Code § 545.060(a)(1);

   b.  failing to drive in a single lane, in violation of Texas Transportation Code § 545.060(a)(1);

   c.  moved his vehicle from his lane when it was unsafe to do so, in violation of Texas Transportation Code §§ 545.060(a)(2) and 545.103;

    d.    driving his vehicle recklessly, as described in Texas Transportation Code § 545.401;

    e.    failing to avoid the incident in question;

    f.    failing to pay attention to the roadway ahead;

    g.    failing to take proper evasive action;

    h.    driving while distracted;

    i.    failing to operate his vehicle in a safe manner;

    j.    failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance; and/or

    k.    other acts of negligence and/or negligence *per se*.

6.2    One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Shahid constituted negligence and/or negligence *per se*. Such negligence was a proximate cause of Plaintiff Coker's injuries and damages. Plaintiff was also within the class of people sought to be protected by the statutes Defendant Shahid violated, and Plaintiff's injuries were of the type these statutes were designed to prevent.

## VII.    NEGLIGENCE OF DEFENDANT USPS

7.1    At all times material to this lawsuit, Defendant Hansford was an employee of Defendant USPS and was acting within the course and scope of her employment with Defendant USPS. Consequently, Defendant USPS is vicariously liable to Plaintiff Coker for the negligent conduct of Defendant Hansford under the theory of *respondeat superior*.

7.2    Moreover, the independent conduct of Defendant USPS constitutes direct negligence as that term is known in law. Such negligent acts or omissions include, but are not limited to the following:

    a.    entrusting a company vehicle, which Defendant USPS owned or otherwise controlled, to Defendant Hansford for the purpose of operating it on the public streets and highways of Texas, when it

       knew or should have known that she was a reckless or incompetent driver;

   b.    allowing Defendant Hansford to operate its vehicle even though it knew or should have known she was a reckless or incompetent driver;

   c.    failing to properly train its driver in the safe operation of a motor vehicle;

   d.    retaining a driver that it knew or should have known was a reckless or incompetent driver;

   e.    failing to properly supervise its driver's driving activities;

   f.    failing to properly educate, instruct, and/or supervise its driver in the performance of his duties;

   g.    failing to enforce and ensure compliance of established safety and operational rules and regulations for employees operating its equipment and vehicles; and/or

   h.    other acts of negligence and/or negligence *per se*.

7.3    One, some, or all of the foregoing acts and/or omissions on the part of Defendant USPS constituted negligence and/or negligence *per se*. Such negligence was a proximate cause of Plaintiff Coker's injuries and damages.

## VIII. <u>NEGLIGENCE OF DEFENDANT HANSFORD</u>

8.1    The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Hansford. The conduct of Defendant Hansford constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence of Plaintiff Coker's injuries and damages. Defendant Hansford's negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

   a.    driving her vehicle recklessly, as described in Texas Transportation Code § 545.401;

   b.    failing to avoid the incident in question;

   c.    failing to pay attention to the roadway ahead;

      d.      failing to take proper evasive action;

      e.      driving while distracted;

      f.      failing to operate her vehicle in a safe manner;

      g.      failing to operate her vehicle as a person of ordinary prudence would have in the same or similar circumstance; and/or

      h.      other acts of negligence and/or negligence *per se*.

8.2    One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Hansford constituted negligence and/or negligence *per se*. Such negligence was a proximate cause of Plaintiff Coker's injuries and damages. Plaintiff was also within the class of people sought to be protected by the statutes Defendant Hansford violated, and Plaintiff's injuries were of the type these statutes were designed to prevent.

## IX.  CLAIM AGAINST USAA INSURANCE

9.1    On July 5, 2023, Plaintiff was covered by insurance issued by Defendant USAA, Policy Number 0258479057101, which was in effect at the time of the collision. This policy included coverage for uninsured and underinsured motorists. Plaintiff is a valid "covered person" under this policy.

9.2    Plaintiff sought recovery for injuries sustained from the collision.

9.3    Defendant Shahid has tendered his insurance policy limits, but this suit is being brought to preserve Plaintiff's rights against all parties.

9.4    Defendant Shahid's insurance coverage is insufficient to compensate Plaintiff for his injuries and damages.

9.5    Plaintiff hereby seeks recovery for damages under the uninsured/underinsured motorist coverage of his insurance policy.

## X. D<span>ECLARATORY</span> J<span>UDGMENT</span>

10.1   Plaintiff brings a claim against Defendant USAA for declaratory relief pursuant to the Uniform Declaratory Judgments Act as set forth in Chapter 37 of the *Texas Civil Practice & Remedies Code.*

10.2   Plaintiff would show that this Court has jurisdiction to determine certain rights, status and other legal relations amongst the parties currently before the Court pursuant to *§37.002 and §37.003 of the Texas Civil Practice and Remedies Code.*

10.3   Plaintiff would further show that he has standing pursuant to *§37.004 of the Texas Civil Practice and Remedies Code* to bring this action for declaratory relief as an interested person/first party beneficiary pursuant to the agreement entered into between Plaintiff and USAA in which coverage was issued to Plaintiff under Policy Number 0258479057101.

10.4   Plaintiff seeks a judicial determination from the Court as to the rights, status, and legal relations between Plaintiff and Defendant USAA pertaining to certain contractual language and provision of UM/UIM coverage under the insurance Policy Number 0258479057101 issued to Plaintiff.

10.5   Plaintiff contends Defendant USAA is contractually obligated to provide UM/UIM coverage to satisfy the injuries and damages he sustained arising out of the July 5, 2023 collision.

10.6   In support that Defendant USAA is obligated to provide uninsured/underinsured motorist coverage, Plaintiff would show that he suffered injuries and damages in excess of the liability coverage available through the underinsured Defendant. Therefore, Plaintiff is entitled to recover damages directly from Defendant USAA.

## XI. G<span>OOD</span> F<span>AITH AND</span> F<span>AIR</span> D<span>EALING</span>

11.1   Defendant USAA's liability in this case has become reasonably clear despite the fact no judicial determination has been made of the uninsured/underinsured motorist's liability in

causing the collision and the resulting damages. A reasonable investigation of the facts of this collision and injuries sustained by Plaintiff would reveal evidence of Defendant USAA's liability for payment of its policy limits. Therefore, Defendant USAA is acting in bad faith by delaying payment and insisting upon Plaintiff litigating liability and damages before paying benefits on the claim. Defendant USAA's delaying and denying Plaintiff's claim has seriously disrupted Plaintiff's life. Plaintiff hereby sues for all resulting injuries and damages, including mental anguish, economic damages, loss of credit reputation, policy benefits, pre-judgment and post-judgment interest, court costs and attorney's fees. Plaintiff contends that Defendant USAA's conduct was committed fraudulently, maliciously, intentionally, knowingly and/or with gross negligence. Plaintiff sues for punitive damages.

## IX.    DAMAGES

11.1    As a result of the incident made the basis of this lawsuit, described in the preceding paragraphs, and the negligence of Defendants Shahid, USPS, and Hansford, Plaintiff Coker sustained significant injuries and damages in the past and will, in reasonable probability, sustain damages in the future.

11.2    Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.    past and future medical care expenses;

    b.    past and future physical pain and suffering

    c.    past and future mental anguish;

    d.    past and future physical impairment;

    e.    past and future disfigurement;

    f.    past lost wages and future loss of earning capacity; and

g.   past and future out-of-pocket economic losses.

11.3   As a result of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court.

11.4   Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## XII.   JURY DEMAND

12.1   Pursuant to TEXAS RULE OF CIVIL PROCEDURE 216, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## XIII.   RULE 193. 7 NOTICE

13.1   Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Plaintiff hereby gives actual notice to Defendants Shahid, USPS, Hansford, and USAA that any and all documents produced may be used against the producing defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIV. REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

14.1   To the extent that the above-named Defendants and Parties are conducting business pursuant to a trade name or assumed name, then relief is sought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demand upon answering this suit, that the Defendants and Parties answer in their correct legal and assumed names.

## XV.   MISNOMER/ALTER EGO

15.1   In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a misidentification, misnomer and/or such parties are/were alter egos of parties named herein. Alternatively, Plaintiff contends that such corporate veils should be pierced to hold such parties properly included in the interest of justice.

## XVI. AGENCY

16.1    Whenever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives did such an act or thing and that at the time such act or thing was done, it was done with the full authority or ratification of or by Defendants, or was done in the normal and routine course and scope of employment or official duties and in furtherance of the duties of their office or employment of Defendants' officers, agents, servants, employees, or representatives.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants Shahid, USPS, Hansford, and USAA be cited in terms of law to appear and answer herein; and that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

*/s/ Karishma Patel Sandesara*
**Karishma Patel Sandesara**
State Bar No. 24098379
ksandesara@jimadler.com
**Philip K. Broderick**
State Bar No. 24094561
pbroderick@jimadler.com
1900 West Loop South, 19th Floor
Telephone:    (713) 341-1318
Facsimile:    (713) 781-2514

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Luisa Gonzalez on behalf of Karishma Sandesara
Bar No. 24098379
LGonzalez@jimadler.com
Envelope ID: 97662501
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition, Jury Demand and Rule 193.7 Notice
Status as of 2/21/2025 3:44 PM CST

Associated Case Party: WalterTrentCoker

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Rosalinda Canela | | rcanela@jimadler.com | 2/21/2025 2:48:05 PM | SENT |
| Phillip Broderick | | PBroderick@jimadler.com | 2/21/2025 2:48:05 PM | SENT |
| Karishma PatelSandesara | | ksandesara@jimadler.com | 2/21/2025 2:48:05 PM | SENT |